UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mohammed T., Civ. No. 26-3650 (PAM/DLM)

Petitioner,

v. **ORDER**

Warden, Kandiyohi County Jail,

Respondent.

Petitioner Mohammed T. is currently detained as removal proceedings against him go forward. Petitioner has filed a petition for a writ of habeas corpus asking that he be released from custody for the duration of the removal proceedings. That habeas petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, the petition will be denied and this case dismissed.

As a formal matter, the habeas petition sets out three grounds for relief. (See Pet. (Docket No. 1) at 6.) None of those grounds, however, makes clear on what basis Petitioner believes his ongoing detention to be unlawful. Petitioner includes further factual allegations regarding his detention in a declaration submitted at the same time as his habeas petition (Docket No. 2), but that document similarly does not set forth any specific legal ground on which Petitioner believes he is entitled to relief.

[1] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See Rule 1(b).

Not only does Petitioner not put forward any cognizable claim for relief, but there is no obvious claim that Petitioner could have raised challenging his detention, and thus there is no basis to believe that Petitioner could salvage his petition by repleading his claims. Petitioner makes much of the fact that his removal proceedings have not concluded and that no final order of removal has been entered in his case. But detention during the pendency of removal proceedings is common—in fact, it is often mandatory. See 8 U.S.C. § 1225(b); 8 U.S.C. § 1226(c); Banyee v. Garland, 115 F.4th 928, 931–34 (8th Cir. 2024).[2] Moreover, even where the immigration court has discretion to release a person otherwise subject to detention on bond or other conditions, see 8 U.S.C. § 1226(a), the Court lacks jurisdiction to second-guess the discretionary decision of the immigration court whether to grant or deny release and on what conditions, see 8 U.S.C. § 1252(a)(2)(B).

Therefore, the habeas petition is denied and this matter is dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The petition for a writ of habeas corpus of petitioner Mohammed T. (Docket No. 1) is **DENIED**; and

2. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 22, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

---

[2] The Court has previously rejected the argument that the federal constitution entitles immigration detainees entitles to a bond hearing, see Edgar T. v. Blanche, Civ. No. 26-3181 (PAM/DJF), 2026 WL 2224821, at * (D. Minn. Aug. 3, 2026), and that claim would be rejected here as well if it were put forward by Petitioner.